United States District Court
Middle District of Florida
Jacksonville Division

**MARIE WOOD,**

    *Plaintiff,*

v.                                                                                                **NO. 3:20-cv-416-J-34PDB**

**LEWIS JAMES EWING, DIANE EWING, &**
**LURENE BROOKS NOLAND**

    *Defendants.*

---

## Report and Recommendation

On April 16, 2020, Marie Wood, proceeding without a lawyer, filed a 31-page handwritten complaint that includes allegations of brain hijacking, stalking, and threatening death. Doc. 1. To the complaint, she attached a 112-page exhibit containing letters, handwritten documents, receipts, state-court filings, and medical bills. Doc. 1-1. She tried to pay the court's filing fee with a personal check for $400. The clerk returned the check to her.

On April 23, 2020, the undersigned directed the plaintiff to (1) file an amended complaint by May 22, 2020, that complies with the Federal Rules of Procedure and Local Rules and (2) either pay the $400 filing fee or complete and file an IFP form attached to the order. Doc. 2. The undersigned explained that failure to comply with the order would result in a report and recommendation recommending dismissal of the action without prejudice. Doc. 2 at 2.

The deadline has passed, and the plaintiff has neither filed anything nor paid the filing fee.

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a district court has inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

The plaintiff has not prosecuted the case—diligently or otherwise—and has failed to comply with the order, Doc. 2. The undersigned therefore recommends dismissal. Because there is no clear record of delay or contumacious conduct, dismissal without prejudice is warranted.*

**Entered** in Jacksonville, Florida, on May 29, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*Because the allegations appear to concern events spanning several decades, it is unclear whether there is a statute-of-limitations bar to another action.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

c:      The Honorable Marcia Morales Howard

        Marie Wood
        1118 Monticello Road
        Jacksonville, FL 32207